IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| VALENCELL, INC., § | |
| § | |
| Plaintiff, § | |
| § | C.A. No. ____ |
| v. § | |
| § | JURY TRIAL DEMANDED |
| BRAGI STORE LLC, § | |
| BRAGI NORTH AMERICA, LLC, and § | |
| BRAGI GMBH § | |
| § | |
| Defendants. | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Valencell, Inc. ("Valencell") files this Original Complaint against Bragi Store, LLC; Bragi North America, LLC; and Bragi GmbH (collectively "Bragi" or "Defendants") for infringement of U.S. Patent Nos. 8,923,941 ("the '941 patent"); 8,647,270 ("the '270 patent"); 8,934,952 ("the '952 patent"), and 8,929,965 ("the '965 patent") (collectively "the patents-in-suit").

## THE PARTIES

1. Valencell is a Delaware corporation with its principal place of business at 4601 Six Forks Rd., Suite 103, Raleigh, North Carolina.

2. Bragi Store, LLC ("Bragi Store") is a Delaware corporation with a principle place of business at 20635 Abbey Woods Court, Ste. 303, Frankfort, IL 60423. Bragi Store has designated National Registered Agents, Inc., 160 Greentree Dr. Ste. 101, Dover, DE 19904 as its agent for service of process. Upon information and belief, this Defendant does business in the State of North Carolina and in the Eastern District of North Carolina.

3. Bragi North America, LLC ("Bragi North America") is a Delaware corporation with a principle place of business at 20635 Abbey Woods Court, Ste. 303, Frankfort, IL 60423. Bragi North America has designated National Registered Agents, Inc., 160 Greentree Dr., Ste. 101, Dover, DE 19904 as its agent for service of process. Upon information and belief, this Defendant does business in the State of North Carolina and in the Eastern District of North Carolina.

4. Bragi GmbH ("Bragi Europe") is a company organized under the laws of Germany with its principal place of business in Munich, Germany. On information and belief, Bragi Europe may be served with process at its principal place of business at Sendlinger Straße 7/Angerblock 2.OG D-80331 Munich, Germany. Upon information and belief, this Defendant does business in the State of North Carolina and in the Eastern District of North Carolina.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has personal jurisdiction over Bragi, including Bragi Store, Bragi North America, and Bragi Europe. Each of the Defendants is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the North Carolina long-arm statute, N.C.G.S. § 1-75.4 due at least to its substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to North Carolina residents.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, each of the Defendants is subject to personal jurisdiction in

this district, has regularly conducted business in this judicial district, and certain of the acts complained of herein occurred in this judicial district. Further, a substantial part of the acts giving rise to the allegations of this Complaint occurred in this District.

## FACTUAL ALLEGATIONS

7. On information and belief, at least as early as January 2014, Bragi recognized that the Bragi Dash would need a license to the patents-in-suit. Bragi and Valencell had a series of discussions regarding licensing, during which Bragi acknowledged that the Bragi Dash would need a license to Valencell's patents. Nevertheless, Bragi declined to license the patents-in-suit. Despite this, since at least January 2015, Bragi has shipped the Bragi Dash in the United States.

## COUNT I
### (Infringement of U.S. Patent No. 8,923,941)

8. Valencell incorporates paragraphs 1 through 7 herein by reference.

9. Valencell is the assignee of the '941 patent, entitled "Methods and apparatus for generating data output containing physiological and motion-related information," with ownership of all substantial rights in the '941 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements. A true and correct copy of the '941 patent is attached as Exhibit A.

10. The '941 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

11. Bragi has and continues to directly infringe one or more claims of the '941 patent in this judicial district and elsewhere in North Carolina and the United States without the consent or authorization of Valencell, by or through their making, having made, offering for sale, selling, importing, and/or using wearable devices incorporating a heart rate sensor, including, but not limited to the Bragi Dash. Bragi's infringement has been willful.

12. The Bragi Dash directly infringes at least claim 14 of the '941 patent.

13. The Bragi Dash is a wearable device and includes a housing and a chipset enclosed within the housing. The chipset includes at least one PPG sensor, one motion sensor, and one signal processor that is configured to process signals from the motion sensor and the PPG sensor to reduce motion artifacts from the PPG signals. The Bragi Dash housing includes at least one window that optically exposes the at least one PPG sensor to a body of a subject wearing the device. The Bragi Dash housing includes a non-air light transmissive material in optical communication with the at least one PPG sensor and the window.

14. Valencell has been damaged as a result of Bragi's infringing conduct described in this Count. Bragi is, thus, liable to Valencell in an amount that adequately compensates Valencell for Bragi's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II
### (Infringement of U.S. Patent No. 8,647,270)

15. Valencell incorporates paragraphs 1 through 7 herein by reference.

16. Valencell is the assignee of the '270 patent, entitled "Form-fitted monitoring apparatus for health and environmental monitoring," with ownership of all substantial rights in the '270 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements. A true and correct copy of the '270 patent is attached as Exhibit B.

17. The '270 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

18. Bragi has and continues to directly infringe one or more claims of the '270 patent in this judicial district and elsewhere in North Carolina and the United States without

the consent or authorization of Valencell, by or through their making, having made, offering for sale, selling, importing, and/or using wearable devices incorporating a heart rate sensor, including, but not limited to the Bragi Dash. Bragi's infringement has been willful.

19. The Bragi Dash directly infringes at least claim 1 of the '270 patent.

20. The Bragi Dash is a monitoring apparatus. In particular, the Bragi Dash is an earbud that is contoured to matingly engage at least one portion of the intersection of the anti tragus and acoustic meatus of an ear of a subject. The earbud includes an optical sensor that detects and/or measures physiological information from the subject using a sensor region is oriented in a direction away from the ear canal.

21. Valencell has been damaged as a result of Bragi's infringing conduct described in this Count. Bragi is, thus, liable to Valencell in an amount that adequately compensates Valencell for Bragi's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III
### (Infringement of U.S. Patent No. 8,934,952)

22. Valencell incorporates paragraphs 1 through 7 herein by reference.

23. Valencell is the assignee of the '952 patent, entitled "Wearable monitoring devices having sensors and light guides," with ownership of all substantial rights in the '952 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements. A true and correct copy of the '952 patent is attached as Exhibit C.

24. The '952 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

25. Bragi has and continues to directly infringe one or more claims of the '952 patent in this judicial district and elsewhere in North Carolina and the United States without the consent or authorization of Valencell, by or through their making, having made, offering for sale, selling, importing, and/or using wearable devices incorporating a heart rate sensor, including, but not limited to the Bragi Dash. Bragi's infringement has been willful.

26. The Bragi Dash directly infringes at least claim 5 of the '952 patent.

27. The Bragi Dash is a headset, which includes an optical emitter, an earbud housing, and light transmissive material. The earbud housing encloses the optical emitter and is configured to be supported by the subject's ear. The housing comprises a window configured to engage a non-ear canal region of the ear. The light transmissive material is associated with the window and that is at least partly external to the at least one window. The light transmissive material is in optical communication with the optical emitter via the at least one window. The light transmissive material is configured to deliver light from the optical emitter to the non-ear canal region.

28. Valencell has been damaged as a result of Bragi's infringing conduct described in this Count. Bragi is, thus, liable to Valencell in an amount that adequately compensates Valencell for Bragi's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV
**(Infringement of U.S. Patent No. 8,929,965)**

29. Valencell incorporates paragraphs 1 through 7 herein by reference.

30. Valencell is the assignee of the '965 patent, entitled "Light-guiding devices and monitoring devices incorporating same," with ownership of all substantial rights in the '965 patent, including the right to exclude others and to enforce, sue, and recover damages

for past and future infringements. A true and correct copy of the '965 patent is attached as Exhibit D.

31. The '965 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

32. Bragi has and continues to directly infringe one or more claims of the '965 patent in this judicial district and elsewhere in North Carolina and the United States without the consent or authorization of Valencell, by or through their making, having made, offering for sale, selling, importing, and/or using wearable devices incorporating a heart rate sensor, including, but not limited to the Bragi Dash. Bragi's infringement has been willful.

33. The Bragi Dash directly infringes at least claim 1 of the '965 patent.

34. The Bragi Dash has a sensor for detecting and/or measuring physiological information from a subject. The Bragi Dash includes a housing, at least one optical emitter that is supported by the housing, at least one optical detector that is supported by the housing, and a first light guide that is supported by the housing. The first light guide is in optical communication with the at least one optical emitter. The first light guide comprises a distal end having an exposed end surface that is configured to engage a portion of a body of the subject. The first light guide is configured to deliver light from the at least one optical emitter directly into the body of the subject via the exposed end surface thereof. The Bragi Dash includes a second light guide that is supported by the housing. The second light guide is in optical communication with the at least one optical detector. The second light guide includes a distal end having an exposed end surface that is configured to engage a portion of the body of the subject. The second light guide is configured to collect light directly from the body of the subject via the exposed end surface thereof and deliver collected light to the at least one optical detector.

35. Valencell has been damaged as a result of Bragi's infringing conduct described in this Count. Bragi is, thus, liable to Valencell in an amount that adequately compensates Valencell for Bragi's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Valencell hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Valencell requests that the Court find in its favor and against Bragi, and that the Court grant Valencell the following relief:

a. A judgment in favor of Valencell and against Bragi on each of Valencell's claims;

b. A judgment that the Bragi has directly infringed the patents-in-suit;

c. A preliminary and permanent injunction preventing Bragi and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from directly infringing, contributorily infringing, and inducing the infringement of the patents-in-suit;

d. A judgment that Bragi's infringement of the patents-in-suit has been willful;

e. A ruling that this case be found to be exceptional under 35 U.S.C. § 285, and a judgment awarding to Valencell its attorneys' fees incurred in prosecuting this action;

f. A judgment and order requiring Bragi to pay Valencell damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and enhanced damages for willful infringement as provided by 35 U.S.C. § 284.

g. A judgment and order requiring Bragi to pay Valencell the costs of this action (including all disbursements);

h.  A judgment and order requiring Bragi to pay Valencell pre-judgment and post-judgment interest on the damages awarded;

i.  A judgment and order requiring that in the event a permanent injunction preventing future acts of infringement is not granted, that Plaintiffs be awarded a compulsory ongoing licensing fee;

j.  That Valencell be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: November 11, 2016

Respectfully submitted,

/s/ *Lynne A. Borchers*
Lynne A. Borchers
N.C. Bar No. 32386
**MYERS BIGEL, P.A.**
4140 Parklake Avenue, Suite 600
Raleigh, North Carolina 27612
919-854-1400 (telephone)
919-854-1401 (facsimile)
lborchers@myersbigel.com
*Local Civil Rule 83.1 Counsel*


Jeffrey R. Bragalone
(*pro hac vice* to be filed)
Texas Bar No. 02855775
Patrick J. Conroy
(*pro hac vice* to be filed)
Texas Bar No. 24012448
Jonathan H. Rastegar
(*pro hac vice* to be filed)
Texas Bar No. 24064043

**Bragalone Conroy PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
pconroy@bcpc-law.com
jrastegar@bcpc-law.com

Attorneys for Plaintiff
**VALENCELL, INC.**

PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                                 9

Case 5:16-cv-00895-FL   Document 1   Filed 11/11/16   Page 9 of 9